IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EYIKOJOKA "STEVE" ABAMU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CAUSE NO. 3:25-cv-02815 |
| CHENGDUGUIQIANBIWANGLUOK | § | Jury Trial |
| EJIYOUXIANGONGSI A/K/A | § | |
| CHENGDUGUIQIANBIWANGLUOK | § | |
| EJIYO, AND AMAZON.COM, INC., | § | |
| | § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **EYIKOJOKA "STEVE" ABAMU**, (hereinafter referred to as "Plaintiff"), and respectfully file this Original Complaint against **CHENGDUGUIQIANBIWANGLUOKEJIYOUXIANGONGSI A/K/A CHENGDUGUIQIANBIWANGLUOKEJIYO,** and **AMAZON.COM, INC**. (hereinafter referred to as "Defendants"), and in support hereof would state and show the following:

### I.
### PARTIES

1. Plaintiff **EYIKOJOKA "STEVE" ABAMU** is a citizen of and resides in Dallas County, Texas with the Texas ID of XXXXX818 and SSN of XXX-XX-3809.

2. Defendant, **CHENGDUGUIQIANBIWANGLUOKEJIYOUXIANGONGSI A/K/A CHENGDUGUIQIANBIWANGLUOKEJIYO** ("JKMAX") is a Chinese corporation and its principal place of business in China but at all times doing business in Texas

without designating or maintaining a registered agent in Texas for service of process; the service may be done by serving the Texas Secretary of State to be forwarded to:

> ChengDuGuiQianBiWangLuoKeJiYo uXianGongSi
> Huake 2, Caiyun Road, Yining Street
> No. 200, Zhonghuake
> Qujing City
> Qilin District
> Yunnan Province

Service may also be accomplished via mail at the above address pursuant to the Texas Rules of Civil Procedure. See Tex. R. Civ. Proc. Rule 106; Tex. Civ. Prac. & Rem. Code § 17.026.

3.      Defendant, Amazon.com, Inc. ("Amazon"), is a Delaware Corporation with its headquarters and principal place of business in Washington (making it a citizen of Delaware and Washington) but at all times doing business in Texas, and maybe served through its registered agent:

> Amazon.com, Inc.
> c/o Corporation Service Company
> 300 Deschutes Way SW, Suite 208 MC-CSC1
> Tumwater, WA 98501
> Attn: Legal Department – Legal Process

4.      Amazon is the world leader for ordering their products directly online. This includes the ability to sell directly to Texas consumers.

5.      Amazon monitors its sales in Texas to consumers to increase its profits in sales to Texans.

6.      Amazon has thousands if not hundreds of thousands of consumers in Texas.

7.      Amazon materials are targeted to Texas residents to entice them to purchase Amazon products for years, whether in the form of television advertisements,

magazine advertisements, newspaper advertisements, internet advertisements or other forms of advertising and/or marketing.

8.     Amazon website(s) and App has repeated online contacts with Texas residents over the internet, and the websites contain interactive elements which allow sharing of information, all of which is designed to get Texas residents to purchase Amazon products.

## II.
## SUBJECT MATTER JURISDICTION

9.     This Court has subject-matter jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332.

10.     The parties to this lawsuit are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## III.
## FACTS

11.     On or about November 28, 2023 EYIKOJOKA "STEVE" ABAMU ("Plaintiff") was at home using his JKMAX heated electric blanket ("JKMAX Blanket"), which was purchased through Amazon on November 28, 2022. The blanket malfunctioned causing severe burns to Mr. Abamu.



12.    The JKMAX Blanket, unbeknownst to Mr. Abamu, has previously had an issue with such malfunctions.

13.    Though Defendants were aware or should have been aware of the defect, Mr. Abamu was not adequately warned the product may have such defects causing these injuries.

14.    It is understood that JKMAX and Amazon are responsible for the design, manufacturing, testing, marketing and assembly of the product in question.

**IV.**
**CAUSE(S) OF ACTION AS TO DEFENDANTS JKMAX AND AMAZON.COM, INC.**

15.    It was entirely foreseeable to and well known by the Defendants that accidents and incidents involving its products, such as occurred herein, would on occasion take place during the normal and ordinary use of said Product.

16.    At all material times hereto, Defendants were in the business of designing, testing, approving, marketing, distributing, and/or selling of the product made the basis of this lawsuit into interstate commerce and into the commerce of the State of Texas.

Defendants' conduct in distributing and/or selling the product was solely for commercial purposes.

17.     When the product left the Defendants' control and was placed into the stream of commerce, the product was unreasonably dangerous, not suitable for its intended purpose, and unsafe by reason of Defendants' defective design, assembly, testing, inspection, service, marketing, distribution, and/or sale of the product, and because the product was marketed, sold and distributed without adequate instructions and/or warnings regarding its defective characteristics. The product remained unchanged from the time it was originally manufactured, distributed and sold by the Defendants until it reached Plaintiff.

18.     Furthermore, at the time the product was placed into the stream of commerce, Defendants intended that the product would reach members of the public, such as Plaintiff, and it was, or should have been reasonably expected and foreseeable that the product would be used by persons such as Plaintiff in the manner and application in which it was being used at the time of Plaintiff's injuries, with the expectation and belief by the Plaintiff that the product was safe for its intended use.

19.     On or around November 28, 2023, the product was being operated and used for the purpose and in the manner for which it was designed, assembled, tested, inspected, serviced, marketed, distributed, sold and intended to be used, and in a manner foreseeable to Defendants and for which adequate and safe instructions and warnings were required to be issued.

20.     Defects in the design, assembly, instructions, manuals, and warnings, testing, inspection, service, distribution, and/or sale of the product, including

but not limited to the lack of a proper material to prevent such malfunctions resulting in burns, as well as lack of warning of the dangers thereof, caused the product to suddenly and without warning burn through the material, resulting in severe injuries to Plaintiff.

21.     Plaintiff had no knowledge of this defective condition and had no reason to suspect that the product was unreasonably dangerous prior to his injuries. Defendants, however, knew, or in the exercise of ordinary care should have known, of the product's defective design and lack of proper materials. Additionally, Defendants failed to provide adequate warning of the dangers presented by its product as designed and manufactured.

22.     There were technologically and economically feasible alternative designs available at the time the product left the control of the Defendants, that were safer than the subject design, and potential means of warning available, and that would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the product.

23.     By reason of the foregoing, the product was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, and Defendants are strictly liable for the damages sustained by Plaintiff pursuant to the *Restatement (Second) of Torts* §402A and §402B.

24.     As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

25.     The injuries and damages complained of herein occurred because the Product in question was not reasonably fit for unintended, but clearly foreseeable accidents and incidents.  The product is intended to permit relaxation and heated comfort without the incident of overheating and burning of the user. Other JKMAX heated blankets have a history, unknown to the consumers, of such incidents. This type of incident with the product can be tracked on social media sites. It is suspected this issue is also known via complaints in other similar instances to the Defendants.

26.     The product fails to adequately warn consumers that the blanket can overheat resulting in burning through the material and injuring the user such as occurred herein.

27.     There is no evidence the product was properly engineered and/or tested to prevent such incidents.

28.     Defendants designed, marketed, assembled, and/or tested said product in question to be unreasonably dangerous and defective within the meaning of §402(A) Restatement (Second) Torts, in that the product was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following non-exhaustive list defects:

    a.    the wiring of the product is weak, inferior and/or unstable;

    b.    the wiring and heating elements of the product incorporate such heat causing the product to burn the user due it the product material being inferior and/or unstable;

    c.    the product failed to incorporate safety mechanisms to prevent unintended overheating and unexpected burning of the end user;

    d.    the product violated principles of engineering;

    e.    Defendant failed to conduct any type of engineering analysis and testing that evaluated how the product would perform under such conditions;

    f.    The product violates the principles of engineering and engineering analysis; and

g.      the product violates principles of risk versus utility as well as consumer expectation.

29.      Defendants were negligent in the design, assembly, marketing, and/or testing of the Product in question.

30.      Defendants made express warranties as to the product. Defendants specifically warranted that the product's mechanisms and assembly would be free from defects in material and workmanship. Under its warranty, Defendants agreed to repair and/or replace the warranted components during the period specified. However, the product in fact was not of the quality or condition expressly warranted by Defendants and was defective. Defendants breached the express warranty by providing Plaintiff with the product containing defective wiring and/or heating elements, and refusing to recall the product containing such defects even after sufficient knowledge that there was a defect that could potentially cause harm to consumers such as Plaintiff.

31.      Defendants impliedly represented and warranted to the public generally, and to Plaintiff specifically, that the product was safe, free from defects, of merchantable quality, and/or fit for its intended purpose. Defendants warranted it would provide Plaintiff with a product that was in proper working order and that was fit for its intended purpose. Defendants breached these representations and implied warranties because the product was defective and unsafe for Plaintiff to use.

32.      The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of the Plaintiff's damages.

33.      The foregoing acts and/or omissions of Defendants were a producing and/or proximate cause of Plaintiff EYIKOJOKA "STEVE" ABAMU's serious, debilitating and permanent injuries.

## IV.
## DAMAGES TO PLAINTIFF

34.     As a result of the acts and/or omissions of Defendants, EYIKOJOKA "STEVE" ABAMU has suffered physical pain and mental anguish in the past, physical pain and mental anguish that in the future, disfigurement sustained in the past and future, and physical impairment in the past and future.

35.     As a result of the acts and/or omissions of Defendants, Plaintiff EYIKOJOKA "STEVE" ABAMU has become obligated to pay necessary and reasonable medical expenses in the past and will, in all likelihood, into the future for his injuries realized in this incident.

36.     The above and foregoing acts and/or omissions of Defendants, resulting in the injuries to Plaintiff EYIKOJOKA "STEVE" ABAMU, have caused actual damages to Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

## V.
## JURY DEMAND

37.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and respectfully demands, in accordance with Texas Rule of Civil, a trial by jury on all issues.

## VI.
## CONCLUSION AND PRAYER

38.     For the reasons presented herein, Plaintiff prays that the Defendants be cited to appear and answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

    a.     actual damages;
    b.     economic and non-economic damages;
    c.     prejudgment and post-judgment interest beginning

November 28, 2023;

d.     costs of suit; and

e.     all other relief, general and special, to which Plaintiff is entitled to at law and/or equity, and/or which the Court deems proper.

Respectfully submitted,

 /s/ Stewart D. Matthews

Stewart D. Matthews
State Bar No. 24039042
Attorney@accidentlawyer.legal
16950 Dallas Parkway
Suite 109
Dallas, Texas 75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

And

**THE LINE LAW FIRM, PLLC**
4131 N. Central Expressway #932
Dallas, Texas 75204
Phone: 214-821-2882
Fax.  214-821-2191
Email:  winston@linelawfirm.com

**Attorneys for Plaintiff**